Isaiou Trading Corporation, Respondent, *v.* Standard Rice Company of New York, Inc., Appellant.

First Department, February 8, 1924.

**Sales — action by buyer to recover damages for failure to deliver rice — completed contract not shown.**

A completed contract is not shown in an action by a buyer to recover damages for the failure of the seller to deliver a quantity of rice where it appears that the seller refused to accept the bought and sold notes executed by brokers unless the buyer would establish a letter of credit before noon of a certain day; that the letter of credit was not established until one o'clock of that day and was then accompanied by a condition, not specified in the notes, requiring the seller to make shipment of the rice on or before a stated day, which condition the seller refused to accept.

Appeal by the defendant, Standard Rice Company of New York, Inc., from a determination and order of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 12th day of December, 1922, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, First District, in favor of the plaintiff.

*Platt, Field, Taylor & Patterson* [*Eli J. Blair* of counsel], for the appellant.

*Frueauff, Robinson & Sloan* [*Thomas McCall* of counsel], for the respondent.

Merrell, J.:

This action was brought by the plaintiff in the Municipal Court of the City of New York to recover of the defendant damages alleged to have been sustained by the plaintiff by reason of the defendant's failure to deliver a quantity of rice which the plaintiff claims to have purchased and which it alleges the defendant agreed to deliver to the plaintiff. The contract upon which the plaintiff depends was negotiated through the brokerage concern of M. S. Cowen & Co., employed by the plaintiff. The negotiations were carried on through so-called bought and sold notes. The plaintiff in its amended complaint, as a first cause of action, alleges that the plaintiff and the defendant entered into an agreement in writing subscribed by said brokerage firm acting for and under the authority of the defendant, whereby the plaintiff alleges it was mutually agreed between the parties that the defendant should sell and deliver to the plaintiff f. a. s. New Orleans, La., on or about the 5th day of July, 1921, 1,102 pockets of Fancy Coated Blue Rose Rice, and that the plaintiff should accept the same from defendant and pay therefor the sum of $3,912.10 upon

delivery thereof. The plaintiff alleges readiness and willingness at the time and place mentioned to receive said rice and to pay for the same according to said agreement, but that the defendant neglected and refused to deliver the said rice or any part thereof, to plaintiff's damage in the sum of $661.12.

As a second cause of action, plaintiff alleges that on or about the 27th day of June, 1921, the parties entered into an agreement in writing which agreement was subscribed by the broker acting for the defendant, and duly authorized thereto, whereby it was mutually agreed between the parties that the defendant should sell and deliver to the plaintiff, f. a. s. New Orleans, La., on or about the 5th day of July, 1921, said 1,102 pockets of Fancy Coated Blue Rose Rice, and that the plaintiff should accept the same from defendant and pay therefor the said sum of $3,912.10; that thereafter and on or about July 1, 1921, the defendant conveyed to plaintiff by United States mail certain conditions on which defendant would make said delivery under said contract executed by said brokerage firm in behalf of the defendant; that the plaintiff thereafter wrote the defendant notifying defendant of plaintiff's acceptance of said conditions, and that on or about July 8, 1921, within a reasonable time after the imposition of the aforesaid conditions by defendant the plaintiff fulfilled the terms of said conditions, and that the plaintiff was ready and willing at the time of and within a reasonable time after it had fulfilled the terms of the aforesaid conditions to receive said rice and pay for the same in accordance with said agreement. Alleging full performance on plaintiff's part and that the defendant had neglected and refused to deliver said rice, plaintiff alleges that it suffered damages in said sum of $661.12.

As a third cause of action, the plaintiff alleged that on or about July 1, 1921, the defendant offered in writing to sell and deliver to the plaintiff the said rice at the price of $3.55 net cash per pocket f. a. s. New Orleans if the plaintiff established a bank guaranty for defendant in the amount of $3,912.10. Plaintiff further alleges that on or about July 8, 1921, plaintiff established a bank guaranty of $3,912.10 for defendant with the Fifth National Bank of New York in acceptance of defendant's said offer of July 1, 1921, and notified the defendant or caused defendant to be notified of the place and time where the aforesaid bank guaranty had been established. Plaintiff further alleged in its third cause of action that a reasonable time for delivery of said rice had elapsed; that the plaintiff was at all times ready, willing and able to receive said rice at the place appointed and pay for the same on delivery in accordance with the agreement of which

the defendant had due notice, and that plaintiff demanded delivery of said rice of defendant and notified defendant that it required defendant to deliver the same on or before July 13, 1921, and that plaintiff duly performed all the conditions of said contract on its part to be performed, but that the defendant neglected and refused to deliver said rice, to plaintiff's damage in the said sum of $661.12, for which the plaintiff demanded judgment of the defendant.

The answer of the defendant puts in issue all of the material allegations of the complaint.

The bought and sold note executed by the brokers bore date June 27, 1921. The evidence shows that immediately after a copy thereof was received by the defendant, the defendant notified the plaintiff by letter bearing date July 1, 1921, that the defendant did not see its way clear to making the delivery called for unless the plaintiff established a bank guaranty or confirmed credit in New York for the amount of said purchase. Upon receipt of defendant's letter insisting upon the establishment of a bank credit to the amount of the purchase price of said rice, the president of the plaintiff agreed to accept the condition imposed and to establish the bank credit required by said defendant, and on July 2, 1921, the plaintiff wrote the defendant that, in accordance with the defendant's request, the plaintiff had written to the bank to transfer to defendant credit for the shipment of rice. The credit was opened with the New York Trust Company and expired on July 10, 1921. Plaintiff informed the defendant that as soon as they heard from the bank that the credit had been transferred they would let the defendant know. The New York Trust Company, for reasons which do not appear, declined to transfer said credit. Plaintiff having failed to establish the promised credit, the defendant, on July 7, 1921, as its final ultimatum, informed plaintiff that defendant would accept a letter of credit if the same was delivered at defendant's office by noon of the day following, July 8, 1921. The plaintiff failed to deliver said letter of credit at the defendant's office at the hour appointed, but about one o'clock in the afternoon of that day a representative of the brokerage firm acting for the parties did deliver at the defendant's office a letter of credit issued by the Fifth National Bank of New York for $3,912.

In the letter addressed to the defendant and signed by the assistant cashier of said bank to the effect that the bank consented to pay defendant upon presentation of usual shipping documents the said sum covering the cost of the rice, it was specifically stated that said rice was " for immediate shipment (not later than July

13th) from New Orleans on the SS ' Jefferson City ' on its present trip." Thereby a new condition was arbitrarily imposed as to the date of shipment. Defendant never acquiesced thereto, and indeed could not have complied with such condition because, as shown by the evidence, defendant's warehouse, where said rice was stored, was so situated that it would have been physically impossible for defendant to have delivered said rice f. a. s. New Orleans within the time specified in plaintiff's letter of credit. Defendant never having acquiesced in such condition, there was no completed contract between the parties.

The defendant refused, when the same was thus presented, to accept said letter of credit upon the ground that the same was not delivered within the time specified, and refused to deliver the rice covered by the broker's note, whereupon the present action was brought, and in the Municipal Court the plaintiff recovered judgment for $759.50 damages. Upon appeal to the Appellate Term the judgment of the Municipal Court was affirmed, and upon consent of this court an appeal from the determination of the Appellate Term was taken.

The evidence fairly discloses that the broker's note covering the shipment of rice was never a completed contract between the parties; that it was tentative only, and that the condition imposed by the seller, namely, that the plaintiff establish a bank credit covering the amount of the purchase, never was in fact fulfilled; that the final offer of the defendant to deliver said rice upon plaintiff's furnishing at or before twelve o'clock noon of July 8, 1921, of said bank credit was not met by the plaintiff, and that the defendant was legally justified in refusing to accept the letter of credit tendered by the plaintiff at an hour later than that specified for an amount less than the price of the rice, and that a further condition was finally imposed by the plaintiff to which defendant never agreed. This being so, we think the plaintiff did not prove facts sufficient to constitute a cause of action; that defendant's motion to dismiss at the close of plaintiff's case should have been granted, and that the Municipal Court was without authority to render judgment in plaintiff's favor.

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed, with costs in this court and in the Appellate Term, and plaintiff's complaint dismissed, with costs.

CLARKE, P. J., SMITH, FINCH and MARTIN, JJ., concur.

Determination of the Appellate Term and judgment of the Municipal Court reversed, with costs in this court and in the Appellate Term, and complaint dismissed, with costs.